■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARL G. DAVIS, Appellant.— Judgment insofar as it sentences defendant as a second felony offender unanimously reversed and matter remitted to the Steuben County Court for a further hearing in accordance with the memorandum and otherwise judgment affirmed.   Memorandum: The defendant has been sentenced as a second felony offender upon his plea of guilty on July 22, 1964 to grand larceny, second degree.   Thereafter an information was filed charging a prior felony (grand larceny, first degree) to which defendant allegedly pleaded guilty on January 11, 1954.   Pursuant to section 1943 of the Penal Law (as amd. by L. 1964 ch. 446, eff. April 10, 1964) the defendant sought to set aside the underlying conviction on constitutional grounds claiming that he had not knowledgeably and intelligently waived his right to counsel at the time of his plea of guilty.   A hearing was had and the court found the defendant had effectively waived his right to counsel.   It is from this determination that the defendant appeals.   The proof developed at this hearing showed that the defendant was, at the time he pleaded guilty in 1954, 17 years of age and had only a third grade education.   It also showed that when the alleged crime was committed he was an escapee from the Syracuse State School (an institution for mental defectives).   A verbatim record of the arraignment and sentence was not made.   The court reporter testified she made only an outline of what occurred and this showed that the defendant was advised of his right to counsel and said that he did not want one and he understood the court would assign one if he did.   This obviously was the interpretation and conclusions of the reporter as to what occurred.   While the defendant signed a statement in 1954 saying he did not desire counsel, he also testified at the hearing that he had no recollection of being advised of his right to counsel and that he did not realize the seriousness of the offense to which he was pleading or that it was a felony. In our view the hearing did not sufficiently explore the question as to whether the defendant understandingly, competently and intelligently waived his right to counsel particularly in view of the fact that he was then an escapee from an institution for mental defectives (cf. People v. Drake, 15 N Y 2d 626).   Among other things records from that institution should be available which show his mental condition at that time.   It is possible that medical personnel who then attended him might cast some light upon the problem.   The matter should be remitted to the Steuben County Court for a further hearing as to the effective and intelligent waiver of the defendant as to his right to counsel as to the plea of guilty in 1954.   (Appeal from judgment of Steuben County Court, convicting defendant of grand larceny, second degree.)   Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.